May I have the Clerk please scroll the case. 3-15-0072, the people of the State of Illinois, gathered by Richard Leonard, v. Timothy Brandt, appellant by Sean Conley. Please proceed. May it please the Court, Counsel? My name is Sean Conley, with the Office of the State Appellant Defender, and I represent Defendant Appellant Timothy Brandt. Mr. Brandt was convicted of six counts after a stipulated bench trial. Those counts included several child pornography and predatory criminal sexual assault charges, and he was sentenced to an aggregate total of 108 years incarceration. There is a single issue on appeal. That is whether the stipulated bench trial was tantamount to a guilty plea, and if so, whether the required admonishments were given. A stipulated bench trial is tantamount to a guilty plea in two situations. First, when the State presents its entire case by stipulation, and the defendant fails to preserve a defense. And two, when the parties stipulate that the evidence is sufficient to convict. And with regard to that second scenario, the question of whether the parties have a private agreement as to guilt is a relevant factor for determining whether or not the stipulation is actually to the sufficiency of the evidence. It's our position that both of those situations happened in this case. Today I'm going to be focusing on the failure to preserve the defense, and then I'll move on to the stipulation and the admonishments. Whether or not the stipulation preserved a defense in this case turns on whether or not the suppression motion that was litigated in the case was frivolous. And that's because trying to preserve this particular suppression motion was the functional equivalent of not mounting a defense at all. To put it another way, had this been the only issue on the record, it's my belief that I would not be ethically allowed to raise that issue in this court. That's how frivolous it was. And that's for two reasons. The first has to do with a misunderstanding, I think, both in terms of facts and law on the part of the defense counsel. The evidence at issue here was discovered during an investigation into contraband that was being shared over a peer-to-peer computer network. The suppression theory was that the state beamed a signal into Mr. Brandt's home in order to determine the contents of his computer. But the record, including the search warrant application, which counsel would have had access to before filing the motion, is very well developed on the question of how these networks operate. What actually happened in this case was that Brandt allegedly beamed a signal from his computer to a third party, who then shared information Brandt provided about the contents of his hard drive with another end user, who in this case happened to be a police officer. Respectfully, it does not appear that counsel understood how these transfers work. Additionally, the Fourth Amendment standards that apply to this kind of flow of information, personal information, are well established. If a service requires someone to pass on information to the service provider, there's no reasonable expectation of privacy in that information. In peer-to-peer cases, not only does the service require passing on information, but the entire point of that transfer is what allegedly happened here, which is to further transfer that information on to another end user in order to connect that end user with the original user who's sharing the files. It's true that there are no, or at least I certainly could not find, any cases involving peer-to-peer networks in Illinois. However, the analysis is a foregone conclusion here. It has to do with reasonable expectations of privacy, and there simply cannot be a reasonable expectation of privacy in the sharing economy of peer-to-peer networks. But there's an easier reason to conclude that the motion was frivolous, and that's because there's another fact that came out during the proceedings where the investigating officer who was monitoring network traffic over this peer-to-peer network allegedly saw that Brant's computer, or at least the IP address that was eventually associated with Brant's computer, was actively downloading contraband at the time that that officer was monitoring the traffic. That means that this is essentially a plain view case. Without finding a fact that the police officer wasn't telling the truth, that the police officer did not witness these transfers, then the fact is the police officer witnessed a crime and had every right to get a warrant based on that observation. There are no circumstances in which Mr. Brant could have or should have won this motion. What we're essentially asking this court to do is to recognize that we can't define a defense in this context as being whenever an attorney makes any sort of argument whatsoever. That's simply not the reality of what's happening in these cases. There has to be a line beyond which counsel's strategy is so frivolous that there is no defense that's being preserved. And wherever that line is, it's our belief that it was crossed in this case. Now, in addition to the lack of a defense, the record demonstrates an agreement as to Mr. Brant's guilt. The state called it a stipulated finding of guilty. The defense agreed that the stipulation would, quote, meet the criteria in the indictment, end quote. And even if those statements are not explicit enough on their own, there's a considerable amount of evidence on the record that the parties viewed the stipulation as sufficient to convict. Both parties acknowledged that the stipulation was entered in consideration for or in exchange for a finding of guilty. Even counsel's attempts to validate the stipulation took for granted that the core of the process was Mr. Brant accepting criminal liability. So, for example, while he said on the one hand, while counsel said on the one hand that this was not a guilty plea, he then turned around and said, well, it was practically a guilty plea, and it was throwing, Brant throwing himself at the mercy of the court. It seems obvious from the record that the parties at least entertained no doubt as to Mr. Brant's guilt. And maybe the most telling evidence is that at a later hearing, the state got up and said we needed to give guilty plea admonishments and tried to give those admonishments. That attorney was privy to the negotiations in the case, and it seems to indicate that the state itself believed at the time that this was tantamount to a guilty plea. The bottom line here is that when Brant agreed to the stipulation, the result was a given. He was, practically speaking, pleading guilty. He got none of the benefits of that stipulated bench trial procedure, but neither did he get the full protections of the guilty plea procedure. Now, as a final point, I want to address the limited admonishments that were given, because I think that there's a little bit of confusion in this or a critique of those admonishments, particularly as to the nature of the offenses. The only discussion of the nature of the offenses was a reference to the indictment. And it's not that the indictment was invalid. We're not challenging the sufficiency of the indictment. I don't think that we win that argument. And I agree with the state that Brant is protected from double jeopardy, though I personally believe that that's because he can point to the entire record, should that ever become an issue. What we're arguing is that on the face of the indictment, the face of the indictment is confusing, it's contradictory, and Brant can't look at the face of the indictment to get a clear picture of the nature of the offenses involved. So unless there are any questions from your honors, we'd ask that this honorable court reverse and remand for further proceedings. Thank you. Thank you, Counsel. Counsel. May it please the Court, Counsel, I want to begin by stating why I argued forfeiture in this case. The defendant did preserve a defense. It was a motion to suppress. There's nothing in the case law that says that the defendant's preservation of the defense has to be a good defense or a winning defense. It has to just be a defense. The defendant did not raise that issue below. He preserved the motion to suppress. And during a stipulated bench trial, you don't have to have a post-trial motion. It's automatically agreed that if you proceed in that matter, you've preserved that ground for challenging that on appeal. But the defendant does not raise the motion to suppress on appeal. He raises a totally different issue that the stipulated bench trial was tantamount to a guilty plea. I cited to the People v. Foote case, which is very similar to this case. In that case, the defendant was in the Winnebago County Jail awaiting armed robbery charges. He then proceeded to commit an aggravated battery against the correctional officer. The defendant stipulated to the evidence that the grand jury proceedings said what they did say. And there was also a video caught of the incident. He stipulated that that was a true and accurate copy. He was found guilty. After he was found guilty, he made a motion for a corrected verdict, arguing that the evidence was insufficient to prove him guilty beyond reasonable doubt. Like the defendant in this case, he appealed and argued that his stipulated bench trial was tantamount to a guilty plea. The People argued that he had waived that issue because it was not preserved or raised in the trial court. And that defendant agreed that he had forfeited. But he asked that the appellate court consider the issue under the plain ear rule, which the appellate court did. The appellate court found that there was no error in that case because the defendant did preserve a defense, an insufficiency of the evidence defense. And also, the appellate court found that the defendant did not stipulate to the sufficiency of the evidence. Now, in this case, we have the same situation. If you'd like to find plain error, you can always go through the analysis. The People submit that there was no error because the defendant did preserve a defense, even though it may have been a defense which would not have been sufficient for him to win at the appellate court level. And let's look at the evidence. The defendant had an interview with the police officers. He admitted that he had sexually assaulted his 12-year-old daughter. He admitted that he had videotaped the sexual assault, and then he put it on his computer for other people to look at. He also admitted that he had downloaded over 5,000 images of child pornography. This defendant would be found guilty whether he went through a stipulated bench trial, a jury trial, or a bench trial. Now, defense counsel asked that this court reverse the trial judge's findings and remand the cause for further proceedings. But what further proceedings would that be? Does he want simply the trial judge to admonish the defendant regarding Rule 402A? That seems to be a procedural matter, placing procedure above substance. But that procedure is important. Procedure is important? Yes, procedure is important, but it would be putting form over substance, I believe. Because it was not a guilty plea. It was a stipulated bench trial, because he did preserve a defense. And nowhere in the record does it explicitly state that he agreed to the sufficiency of the evidence. The defendant infers by taking language out of context that there was some kind of private agreement, and that it was a foregone conclusion that the parties believed that the defendant was guilty. However, the defendant acknowledges that the trial judge was not privy to this agreement. So where is the prejudice? It was the trial judge's decision, and it is the trial judge's decision that you are reviewing here whether the trial judge properly found that it was a stipulated bench trial rather than a guilty plea. I attached to the appendix of my brief the entire transcript of the stipulated bench trial, which is about 10 pages long, and the couple pages of the stipulation that was entered at the trial level. This court does not have to take my word for it or Mr. Kiley's word for it. You can review those documents. It will take you less than five minutes. The only caveat is that I noticed when I was preparing for argument that I had made some notes on the first page of the transcript. Those were my notes. I didn't know that that copy would be put into the brief. I just ask that you not consider those, because those are not part of the record. Do you want that, Mr. Kirby? Yes. Otherwise, if you don't have any questions regarding the sentencing issue, I'll just quickly go over that. This was an indictment, and it cited to the wrong statute. It cited to the child pornography statute rather than the aggravated child pornography statute. On page 10 of my brief, it shows the different citations. The only difference between the two statutory citations is that the aggravated child pornography has a capital B in the citation, and the child pornography one does not. It's a formal defect which can be directed at any time. For judicial autonomy, I ask that this court just amend the minimus to reflect that the defendant was convicted of aggravated child pornography rather than child pornography, and affirm the defendant's conviction and sentence as it is now. If you have no other questions, I'll stand on my brief. Thank you, Counsel. Counsel? Briefly, Your Honors, yes. I would tend to agree with Counsel that there do not appear to be any cases in Illinois about stipulated bench trials in which the defense that's attempting to be preserved is manifestly frivolous. In that sense, this is a matter of first impression. I think that the better analysis is that when we look at what's actually happening in these cases and the protections that are in place and the reasons that we have these procedures, a case such as this where the defense that's being presented is in fact not a legal defense is different from a situation in which the defense is weak on the facts or in question in terms of the law. There is no question here this was not a defense to these charges. I'd like to say a word about the Foote case. I might have actually misread Foote in my reply brief. I talk about how in Foote the preserved defense is an affirmative defense that was raised in the 402 Conference. My reading of Foote is that that affirmative defense was what the defendant was referring to in his post-trial motion raising the sufficiency of the evidence because his entire position in that case was that the State had not proven him guilty because of these reasons that he had presented in the 402 Conference. Regardless of whether that's the correct reading, the fact is that in Foote there is an explicit motion filed after the proceedings raising this issue that the court in that case viewed as an attempt and an explicit attempt to preserve some species of reasonable doubt. That's not what we have in this case. In this case we have the presentation of what purports to be a defense but is in practical terms legal gibberish. It has no merit whatsoever. And again, my position would be were I faced with the choice of raising that or not, I would be ethically barred from raising that defense. In terms of the strength of the evidence and whether or not Mr. Brent would be found guilty regardless, the cases treat this error as a substantial error under the second prong of plain error. And so we could speculate as to what the outcome will be should this be reversed. But my position would echo Your Honor's question, which is that this is a very serious procedure that needs to be taken seriously. And ultimately, Mr. Brent, our position is that he essentially pled guilty without knowing that he was pleading guilty. And we don't allow those sort of judgments to stand in our justice system. In terms of the stipulation, again, I would agree with counsel that you can look at the record. I think that we disagree in terms of the import of the context of the language that I'm using to support my argument. But I think that if you look at the entirety of the record, and particularly what the parties said during the stipulated bench trial and just after the stipulated bench trial, that I believe that you'll find that my interpretation of those words is the better interpretation. Counsel, one minute. Thank you. Thank you. And in terms of the sentencing issue, again, the indictment, the reason I brought up the indictment in the briefs is because the indictment was the only reference to what the charges were during the proceedings. So the question is, is the indictment sufficient to replace the admonishment? And I believe the answer is no because of the confusion on the face of that indictment. However, when you look at the entire record and you look at the admonishments that were given, particularly in terms of the sentencing range, it's clear that Mr. Brandt did not plead or stipulate to a class X felony on that sixth count that we discuss in the briefs. Unless there are any questions, then again, we would ask that Your Honor's reverse. Thank you both for your arguments today. The court will take this matter under advisement under a decision in the near future.